UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re  Victoria C. Quade        )
                                )
                                )   Bankruptcy No. _____12-26779_____
                                )
            Debtor.             )   Chapter _____7_____

COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION
(IN CASES UNDER CHAPTERS 7, 11 AND 12)

Name of Applicant: _____Nixon Peabody LLP_____

Authorized to Provide Professional Services to: _____R. Scott Alsterda, Chapter 7 Trustee_____

Date of Order Authorizing Employment: _____May 8, 2013_____

Period for Which Compensation is Sought:
From _____July 16_____, _____2012_____ through _____October 22_____, _____2014_____

Amount of Fees Sought: $ 56,515.00

Amount of Expense Reimbursement Sought: $ 126.12

This is an:   Interim Application _____      Final Application _✓_

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| | | | | |

Dated: _____December 31, 2015_____         _____R. Scott Alsterda_____
                                                  (Counsel)

(Rev 11/19/10)

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| VICTORIA C. QUADE, | ) | Case No. 12-26779 |
| | ) | Honorable Timothy A. Barnes |
| Debtor. | ) | |
| | ) | |
| | ) | |

**FIRST AND FINAL APPLICATION OF TRUSTEE'S COUNSEL
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

R. SCOTT ALSTERDA and NIXON PEABODY LLP (collectively "NP"), counsel for the Trustee pursuant to 11 U.S.C. §330 and FRBP 2016 submits this first and final application for compensation and reimbursement of expenses and represents to the Court as follows:

1.  Victoria C. Quade (the "Debtor") filed her voluntary petition under Chapter 7 of the Bankruptcy Code on July 3, 2012 (the "Petition Date").

2.  R. Scott Alsterda (the "Trustee") was appointed as the Trustee for the Debtor's estate on the Petition Date.

3.  The Trustee filed his Initial Report of Assets on April 25, 2014.

4.  On May 8, 2013, an order was entered approving the employment of Ungaretti & Harris LLP ("U&H") as counsel for the Trustee. A copy of the May 8, 2013 Order approving the employment of U&H as counsel for Trustee (effective as of November 27, 2012) is attached hereto as Exhibit "A." Thereafter, an order was entered approving the substitution of Nixon Peabody LLP as Trustee's legal counsel pursuant to a merger of the two firms. A copy of the Order approving the substitution of counsel is attached hereto as Exhibit "B."

## CASE SUMMARY

5. The Debtor was involved in litigation with Entertainment Events, Inland Commercial Management, Inc. ("Inland") and certain other parties prior to the Petition Date.

6. In order to stay collection efforts by her creditors, the Debtor filed a voluntary Chapter 7 case, however much of the litigation continued in the bankruptcy case.

7. The Trustee was involved in various disputes between the Debtor and her creditors concerning the Debtor's assets. These disputes included exemption issues, lien disputes and motions for relief from the automatic stay.

8. Eventually, there were a series of settlement agreements between the Debtor, her creditors and the Trustee which were approved by the Court and effectively concluded the Trustee's administration of the bankruptcy estate.

9. All of the assets in the Debtor's estate have been administered and tax returns have been filed with the taxing authorities. The Trustee has prepared his Final Report and subject to the entry of orders on the final fee applications, the Trustee is ready to distribute the remaining funds on hand and close the case.

## DESCRIPTION OF LEGAL SERVICES

10. The nature and extent of the services which NP provided to the Trustee are summarized in the following paragraphs.

11. <u>Entertainment Events</u>. NP provided 70.90 hours of services to the Trustee with a value of $29,946.00 related to various matters involving Entertainment Events, the Debtor's largest creditor. The Debtor's Chapter 7 bankruptcy case was precipitated by Entertainment Events' Judgment against the Debtor and the initiation of supplementing proceedings prior to the Petition Date.

2

After the Petition Date, Entertainment Events filed a motion to modify the automatic stay and the Debtor filed an adversary complaint to avoid certain liens on the Debtor's exempt property. The services provided by NP included reviewing the motion and the complaint and related responses and briefs, including a subsequent appeal and motion to amend the order on the motion for stay relief. The services also included numerous court appearances and correspondence and conferences with counsel for the Debtor and Entertainment Events. NP also provided services to the Trustee in connection with the Trustee's proposed sale of the Debtor's interests in several condominium units to Entertainment Events in partial satisfaction of its secured claim. NP reviewed various documents related to the trust which held title to the condominium units and researched the tax implications of a sale to Entertainment Events. NP drafted the sale motion, reviewed and responded to various objections to the motion and participated in several court hearings on the sale motion.

In connection with the Debtor's objection to the sale motion, the Debtor filed a motion to convert her Chapter 7 case to a Chapter 11 case and NP provided services to the Trustee relating to this matter. NP researched certain issues and drafted the Trustee's responses to the Debtor's motion to convert and the Debtor's motion to amend the order denying the motion to convert. NP appeared at several hearings on the Debtor's motion to convert and had extensive correspondence and conferences with counsel for the Debtor, Entertainment Events and various other parties in interest.

12.    <u>Gertzman</u>. NP provided 13.80 hours of services to the Trustee with a value of $6,073.00 related to the Debtor's malpractice claim against Mr. Gertzman. Prior to the Petition Date, the Debtor had obtained a judgment against Mr. Gertzman and the case was set for a prove-up hearing. The services provided by NP included a review of the potential damage

claims, the prospects for enforcing the judgment and several conferences with the Debtor's state court counsel regarding these issues. NP assisted the Trustee in settlement negotiations with Mr. Gertzman, drafted the settlement agreement and motion and appeared before the Court at the hearing where the settlement was approved.

13. <u>Stay Relief</u>. NP provided 18.70 hours of services to the Trustee with a value of $8,297.00 related to several motions for stay relief filed by various lenders and condominium associations. The Debtor held title to 10 condominium units and related parking spaces through a self-settled trust as of the Petition Date. During the Chapter 7 case, several of the Debtor's lenders and the condominium associations filed motions to modify the stay to either foreclose or take possession of the condominium units and related parking spaces. The services provided by NP included reviewing each of the motions and negotiations with the various lenders and/or condominium associations in an attempt to keep the condominiums and related parking spaces out of foreclosure or repossession while the Trustee pursued the sale of the condominiums to Entertainment Events. These services also included numerous court appearances for hearings on the original motions for stay relief and the continued hearings.

14. <u>Inland Commercial Property Management, Inc</u>. NP provided 13.30 hours of services to the Trustee with a value of $5,661.50 related to Inland, another creditor with a large claim against the Debtor. During the Chapter 7 case, Inland filed a motion to modify the stay, various responses and/or objections to matters related to Entertainment Events and a motion to convert the Debtor's Chapter 7 case to a Chapter 11 case. The services provided by NP included reviewing and responding to the various positions taken by Inland throughout the case. NP also assisted the Trustee in the negotiations that resulted in a 'global settlement' as between

4

Entertainment Events, Inland, the Debtor, the 4343 Clarendon Condominium Association and the Trustee.

15. Employment of Professionals. NP provided 4.40 hours of services to the Trustee with a value of $1,587.00 related to the employment of legal counsel and tax accountants for the Trustee. These services included drafting the motions, notices, orders and affidavits for the Trustee's motions to employ legal counsel and tax accountants. NP also appeared at the hearings for each of these motions and orders were entered approving the employment motions.

16. Global Settlement. NP provided 11.90 hours of services to the Trustee with a value of $4,950.50 related to a 'global settlement' of various issues as between Entertainment Events, Inland, the 4343 Clarendon Condominium Association, the Debtor and the Trustee. NP assisted the Trustee in negotiating the components of the 'global settlement' through various conferences and correspondence with counsel for the creditors and the Debtor. NP also drafted a motion to abandon the Debtor's condominiums and related parking spaces to facilitate the Debtor's transfer of the properties to Entertainment Events. NP drafted a settlement motion and agreement with the Debtor related to certain rents collected and spent by the Debtor during the Chapter 7 case. In addition NP drafted a settlement motion and agreement with the 4343 Clarendon Condominium Association related to its administrative expense for unpaid condominium assessments. NP appeared at the hearings on each of these motions and orders were entered approving the abandonment motion and the various settlement motions.

17. Summary of Services. The services provided to the Trustee by NP are summarized as follows:

| CATEGORY | HOURS | VALUE |
|---|---|---|
| Entertainment Events | 70.90 | 29,946.00 |
| Gertzman | 13.80 | 6,073.00 |
| Stay Relief | 18.70 | 8,297.00 |
| Inland | 13.30 | 5,661.50 |
| Employment of Professionals | 4.40 | 1,587.00 |
| Global Settlement | 11.90 | 4,950.50 |
| **TOTALS** | **133.00** | **$56,515.00** |

18.     Attached as Exhibit "C" is an itemized statement of the legal services rendered by NP in chronological order. The statement reflects the legal services rendered, the time expended, the value of the services, and a description of the work performed.

19.     The time expended and services rendered by the individual NP attorneys are summarized as follows:

| Attorney | Hours | Blended Hourly Rate | Total |
|---|---|---|---|
| R. Scott Alsterda | 73.50 | $515.16 | $37,864.50 |
| Frank Emmons | 1.00 | 635.00 | 635.00 |
| Patrick F. Ross | 58.50 | 307.94 | 18,015.50 |
| **TOTAL** | **133.00** | | **$56,515.00** |

20.     Exhibit "C" also includes an itemized statement of the actual expenses incurred by NP in connection with its representation of the Trustee. An expense for postage in the amount of $126.12 was incurred.

21.     Based on the nature, extent and value of services performed by NP, the results achieved, and the costs of comparable services, the compensation and reimbursement of expenses sought are fair and reasonable.

22.     At all times during NP's representation of the Trustee, NP was a disinterested person and neither represented nor held an interest adverse to the estate with respect to matters on which NP was employed.

6

WHEREFORE, NP requests that it be awarded reasonable compensation in the amount of $56,515.00 for legal services rendered in this case and reimbursement of actual and necessary expense in the amount of $126.12.

DATE: December 31, 2015

Respectfully Submitted

NIXON PEABODY LLP

/s/ R. Scott Alsterda

Of Counsel:
R. Scott Alsterda (ARDC 3126771)
Nixon Peabody LLLP
70 West Madison, Suite 3500
Chicago, IL  60602-4283
312-977-9203
rsalsterda@nixonpeabody.com